# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

WYATT NORTH REDFOX,

        Petitioner,

  v.

SUPERINTENDENT ARLANDO HERNANDEZ,

        Respondent.[1]

Case No. 3:24-cv-00285-SLG

## ORDER OF DISMISSAL

On December 27, 2024, Wyatt North Redfox, a self-represented prisoner, filed a document titled, "Common Law Writ of Habeas Corpus," an affidavit, and a motion for expedited consideration.[2] Mr. Redfox seeks "a common law writ of habeas corpus within the jurisdiction of the District Court for the Territory of Alaska, and pursuant to *Ex parte Milligan*, 71 U.S. 2 (1866)."[3] He challenges his criminal convictions in *State of Alaska v. Redfox,* Case Nos. 4EM-18-00207CR and 3AN-22-07248CR and his pending criminal charges in Case No. 3AN-24-03077CR. Since this case was filed, Mr. Redfox has filed five additional motions, a notice, a

---

[1] The proper respondent in a habeas case is the person who has custody over the petitioner, such as the superintendent of the facility where he is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004). *See also* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Thus, it is appropriate to designate Anchorage Correctional Complex Superintendent Arlando Hernandez as Respondent.

[2] Dockets 1-2.

[3] Docket 1 at 1.

"temporary agreement for release," and a letter.[4] In these filings, Mr. Redfox includes allegations of retaliation by correctional facility staff following his legal actions and claims regarding his conditions of confinement.[5] He repeats his request for expedited release and seeks a "writ of error" because the Court did not "expeditiously consider whether [he] can be discharged from custody."[6] Mr. Redfox also seeks to add two additional prisoners who he indicates wish to be attached to the "current common law suit to further inquire into the competency of the tribunal which orders their current detention."[7]

Upon review, for the reasons explained in this order, the petition at Docket 1 is DISMISSED and all motions are DENIED. Further, because it plainly appears from the petition that Mr. Redfox is not entitled to habeas relief and his civil rights complaints must be brought as a separate action, this case must be dismissed without leave to amend.

The Court takes judicial notice of the Courtview records of the Alaska Court System.[8]

---

[4] Dockets 4-12.

[5] *See, e.g.,* Docket 8 (emergency motion for temporary relief claiming he has been "facing some sort of retaliation by facility staff members" since filing this case); Docket 8 at 1 (claiming he was moved from Juliet module to Kilo module without reason, but also claiming there was "unbearable" heat and "sweating windows" in the Juliet module); Docket 8 at 2 (claiming correctional staff are taking his incoming mail).

[6] Docket 9 at 1.

[7] Docket 5.

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 2 of 13
Case 3:24-cv-00285-SLG    Document 13    Filed 05/12/25    Page 2 of 13

## DISCUSSION

### I. A non-attorney may only represent his own interests

At Docket 5, Mr. Redfox filed a motion in which he attempts to add Steve Claudy Lapitre and Michael Charles Redfox as co-petitioners to the "current common law suit to further inquire into the competency of the tribunal which orders their current detention."[9] A non-attorney self-represented litigant may represent only his own interests[10] and has "no authority to appear as an attorney for others than himself."[11] Therefore, the motion at Docket 5 is DENIED. The Court only considers the claims affecting Mr. Redfox personally.

### II. Writ of Habeas Corpus

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[12] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[13] Federal habeas

---

accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.). Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[9] Docket 5.

[10] 28 U.S.C. § 1654.

[11] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). *See also* Fed. R. Civ. P. 11 (filings that do not include the original signature of the filing self-represented party cannot be considered by the Court).

[12] *Rasul v. Bush,* 542 U.S. 466, 474 (2004).

[13] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015); *quoting Boumediene v. Bush*,

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 3 of 13
Case 3:24-cv-00285-SLG   Document 13   Filed 05/12/25   Page 3 of 13

corpus petitions are governed by specific statutes and rules, rather than common law. Many of these rules went into effect in 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), which amended the federal habeas statutes that apply to state prisoners.[14] Federal courts have general habeas jurisdiction under 28 U.S.C. § 2241 ("Section 2241"). But the authority of federal courts to grant habeas relief to state prisoners under Section 2241 is limited by 28 U.S.C. § 2254 ("Section 2254"), which is the exclusive vehicle for habeas petitions by state prisoners who are in custody pursuant to a state court judgment.[15] Section 2241 applies to habeas petitions by state prisoners who are not in custody pursuant to a state court judgment, such as pretrial detainees.[16]

Federal habeas cases filed by state inmates—whether a convicted prisoner or a pretrial detainee—must also comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules")[17] and the District of Alaska Local Habeas Corpus Rules.[18] A petition for a writ of habeas corpus must

---

553 U.S. 723, 743 (2008).

[14] 28 U.S.C. § 2241, *et seq.*

[15] *Stanley v. Baca,* 137 F.Supp.3d 1192 (C.D. Cal. 2015).

[16] *See Stow v. Murashige*, 389 F.3d 880 (9th Cir. 2004).

[17] Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court… the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[18] https://www.akd.uscourts.gov/sites/akd/files/local_rules/habeas_corpus.pdf.

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 4 of 13
Case 3:24-cv-00285-SLG   Document 13   Filed 05/12/25   Page 4 of 13

be filed on the Court's form,[19] and a petitioner may only challenge one state court judgment or pretrial proceeding in each habeas petition.[20] A "petition must name as respondent the state officer who has custody."[21]

Under Rule 4 of the Section 2254 Rules, a federal court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. A court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[22] Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.[23] Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim.[24] The legal claims in a petition must be based on rights

---

[19] District of Alaska Local Habeas Corpus Rule 2.1(a)(1). *See also* Rule 2(d), Rules Governing Section 2254 Cases in the United States District Court ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.").

[20] *See* Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").

[21] Rule 2(a), Section 2254 Rules.

[22] Rule 4, Section 2254 Rules.

[23] *See, e.g., Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg,* 24 F.3d 20, 26 (9th Cir. 1994); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

[24] *See* Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; *O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990) (as amended).

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 5 of 13
Case 3:24-cv-00285-SLG    Document 13    Filed 05/12/25    Page 5 of 13

guaranteed by the United States Constitution or federal statutes.[25]

Here, the Petition is not filed on the Court's form; it does not name the proper respondent; and it challenges three separate state criminal cases. Further, the claims are not unsupported by a statement of specific facts, and the Court finds the claims to be frivolous because they lack legal merit and are manifestly insufficient as a matter of law. Finally, civil rights claims may not be included in a habeas action.

Mr. Redfox challenges his criminal convictions in *State of Alaska v. Redfox,* Case Nos. 4EM-18-00207CR and 3AN-22-07248CR and his pending criminal charges in Case No. 3AN-24-03077CR. Each of these cases was brought in an Alaska state court charging Mr. Redfox with various sections of Title 11 of the Alaska Statutes.[26] Mr. Redfox claims that the Alaska criminal statutes are invalid because the Michie Publishing Company "closed" in 2020 and so "[i]n essence,

---

[25] *But see Stone v. Powell*, 428 U.S. 465, 489-495 (1976) (holding "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

[26] *See* Case No. 3AN-24-03077CR, Party Charge Information (Charge 1: AS11.56.320(a)(4)(A): Escape 3-Rels Misd Electronic Monitor, Date of Offense 03/20/2024); Case No. 3AN-22-07248 CR, Party Charge Information (Charge 1: AS11.41.230(a)(1): Assault In The 4th Degree - Recklessly Injure, Charge Disposition: Defendant Convicted on Charge, Guilty After Trial 02/27/2024) (Charge 2: AS11.46.484(a)(1): Crim Mischief 4-Prop Dam $250-$749, Charge Disposition: Dismissed by Prosecution CrR43(a) 02/27/2024); Case No. 4EM-18-00207CR, (Charge 1: AS11.41.210(a)(1): Assault 2 - Injury w/ Weapon, Intent, Charge Disposition: Charge Dismissed by Prosecutor 12/18/2019) (Charge 2: AS11.41.220(a)(1)(B): Assault 3- Cause Injury w/ Weap, Charge Disposition: Guilty Conviction After Guilty Plea 12/18/2019).

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 6 of 13
Case 3:24-cv-00285-SLG     Document 13     Filed 05/12/25     Page 6 of 13

the charges [brought against him] . . . all are by the military law" and "[civilians cannot be tri[]ed by "military tribunals."[27]

Mr. Redfox's claims are legally without merit. The legal validity of state statutes is based on their enactment by the state legislature, not on their publication. In other words, a publisher may facilitate access to the law, but the legal authority of the statutes remains with the legislature.[28] If a publishing company responsible for printing state statutes goes out of business, the validity of the state statutes themselves is not affected. Further, despite Mr. Redfox's contention that it went out of business, the Michie Publishing Company is now a subsidiary of LexisNexis,[29] the official publisher of the Alaska Statutes.[30]

Further, Mr. Redfox was not tried by a military tribunal. He was tried by the State of Alaska. States have the inherent authority to charge individuals with criminal offenses under their own statutes based on their sovereign police powers, which are preserved by the Tenth Amendment and recognized by the United

---

[27] Docket 1, 1-1 at 2.

[28] *See Wheaton v. Peters*, 33 U.S. 591 (1834) (holding that judicial decisions cannot be made private property, as this would allow an individual to control access to the law, which is contrary to public policy); *see also* Alaska Stat. §01.05.006, Adoption of Alaska Statutes; *Legislative Process in Alaska*, the Alaska State Legislature, https://akleg.gov/docs/pdf/Legislative-Process-in-Alaska.pdf.

[29] *See* Publishers: Michie Products, LexisNexis, https://store.lexisnexis.com/en-us/publishers/michie.html.

[30] The 14-volume print version is available for purchase on LexisNexis's website and available at all Alaska Court System law libraries and many public libraries. The Alaska Statutes (1993 - current) are also available online on the Alaska Legislature's website.

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 7 of 13
Case 3:24-cv-00285-SLG    Document 13    Filed 05/12/25    Page 7 of 13

States Supreme Court.[31] This authority allows states to define and punish criminal conduct within their borders.[32]

Mr. Redfox's reliance on *Ex parte Milligan*, a case decided by the Supreme Court in 1866, is misplaced.[33] In *Ex parte Milligan,* the Supreme Court held that it is unconstitutional to try civilians by military tribunals unless there is no civilian court available.[34] The Supreme Court also addressed the issue of martial law, stating that martial law cannot be applied when civil courts are open and operating.[35]

Unlike Milligan, Mr. Redfox was not charged and tried under the Uniform Code of Military Justice ("UCMJ")[36] by a military tribunal, and he is not detained in

---

[31] U.S. Const. Amend. X. *See also Mayor, Aldermen and Commonalty of City of New York v. Miln,* 36 U.S. 102 (1837) (holding states can prosecute any individual found within their jurisdiction for offenses committed within their jurisdiction against their criminal law).

[32] *See, e.g., Bond v. U.S.,* 572 U.S. 844 (2014) (noting that the states have broad authority to enact legislation for the public good, including the punishment of local criminal activity, which is a clear example of traditional state authority).

[33] In *Ex parte Milligan*, 71 U.S. 2 (1866), the petitioner, Lambdin P. Milligan, was a citizen of Indiana who was arrested by military authorities during the Civil War and tried by a military commission on charges including conspiracy against the government and aiding the enemy. Milligan filed a petition for a writ of habeas corpus, arguing that the military commission had no jurisdiction to try him because he was a civilian and the civil courts in Indiana were open and operational. The Court concluded that Milligan's trial by a military commission was unconstitutional, and he was entitled to be discharged from military custody.

[34] *Ex parte Milligan*, 71 U.S. at 120.

[35] *Id*. at 124-125.

[36] Military law, or the Uniform Code of Military Justice ("UCMJ"),10 U.S.C. §§ 801-940 (1958) is a system of laws and regulations that governs the conduct of members of the armed forces. It is distinct from civilian law, with its own set of crimes and punishments

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 8 of 13
Case 3:24-cv-00285-SLG     Document 13     Filed 05/12/25     Page 8 of 13

a military detention facility. Instead, Mr. Redfox was charged and tried in the Alaska state courts under Alaska criminal statutes. Mr. Redfox is currently detained at the Anchorage Correctional Complex in the custody of the Alaska Department of Corrections ("DOC"). Mr. Redfox's references to "martial law" are also misplaced,[37] as martial law is not presently imposed in Alaska.[38] Martial law involves the temporary suspension of ordinary law and the imposition of direct military control over normal civilian functions due to an emergency, such as a war. In the absence of such conditions, state courts continue to function, and legal proceedings are conducted under the established state laws. Hence, any claims of improper detention based on the premise of martial law are frivolous.

### III. Civil Rights Claims under 42 U.S.C. § 1983

When success of a petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and the claim must be brought as a separate case under 42 U.S.C. § 1983 ("Section 1983").[39] "A habeas court has the power to release a

---

designed to maintain discipline and efficiency within the military. Military law is administered by military tribunals and is equally in force in peace and in war.

[37] *See* Docket 2 at 1

[38] The federal government has not declared martial law since 1944. The last time a state declared martial law was in Maryland in 1963 during the Civil Rights Movement. *See, e.g., Duncan v. Kahanamoku,* 327 U.S. 304 (1946). Since then, martial law has been limited to specific, localized situations, often in response to natural disasters or civil unrest, where temporary military assistance was deemed necessary.

[39] *Nettles,* 830 F.3d at 935.

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 9 of 13
Case 3:24-cv-00285-SLG   Document 13   Filed 05/12/25   Page 9 of 13

prisoner but has no other power."[40] To the extent Mr. Redfox is seeking to pursue civil rights claims based on the conditions of his confinement or any other civil rights claims, such as retaliation or access to the courts, such claims cannot proceed in a habeas action. Instead, Mr. Redfox must pursue such claims, if at all, in a separate Section 1983 action.

To properly commence a civil rights action, a prisoner litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee.[41] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement from their prison trust account for the past six months.[42] Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.

If Mr. Redfox seeks to pursue a civil rights case, he must file a complaint that complies with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders. To assist self-represented prisoners in filing a complaint that complies with applicable court rules, the District of Alaska has prepared a form Section 1983 complaint for this purpose. Under the Prison

---

[40] *Douglas v. Jacquez,* 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted).

[41] Alaska Local Civil Rule 3.1.

[42] Alaska Local Civil Rule 3.1(c)(3).

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 10 of 13
Case 3:24-cv-00285-SLG   Document 13   Filed 05/12/25   Page 10 of 13

Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.

If a civil rights complaint is dismissed as frivolous, malicious, or for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit a plaintiff's ability to bring future cases under Section 1983 in federal court. Currently, Mr. Redfox has one strike, entered in Case No. 3:21-cv-00143-JMK.

### IV. Motion for Courtesy Copies

At Docket 4, Mr. Redfox filed a motion seeking "a courtesy copy of the Common Law Writ of Habeas Corpus." To the extent Mr. Redfox seeks a copy of the Court's template habeas petition or civil rights complaint forms, they are available on request from the Clerk's office. The motion at Docket 4 is DENIED.

### V. Motions for Expedited Consideration

The filing of "emergency motions" is disfavored and is properly confined to only limited circumstances.[43] Mr. Redfox's motions at Dockets 2, 8, and 11 fail to establish an emergency that warrants expedited consideration and are therefore DENIED.[44]

---

[43] *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)).

[44] *See* District of Alaska Local Civil Rules 5.1(f)(2) and 7.1(e).

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 11 of 13
Case 3:24-cv-00285-SLG    Document 13    Filed 05/12/25    Page 11 of 13

### VI. Writ of Error

At Docket 9, Mr. Redfox filed a document titled "Writ of Error," in which he complains that he has not been discharged from custody. Historically, a writ of error was a legal instrument used to review the judgment of a lower court by a higher court. In modern federal practice, the writ of error has been replaced by the appeal process. Appeals are the primary method for seeking review of a lower court's decision.

No appealable orders were entered in this case before the instant Order of Dismissal. Therefore, the motion at Docket 9 is DENIED. To the extent Mr. Redfox seeks to appeal this order to the Ninth Circuit Court of Appeals, the Court finds Mr. Redfox has not made a substantial showing of the denial of a constitutional right, such that this Court will not issue a certificate of appealability. Mr. Redfox may request a certificate of appealability from the Ninth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED:**

1. The petition for a writ of common law habeas corpus at **Docket 1 is DISMISSED without leave to amend.**

2. The motions for expedited consideration at **Dockets 2, 8, and 11 are DENIED.**

3. The motion for courtesy copies at **Docket 4 is DENIED.** The Court's template forms are available upon request from the Clerk's office.

4. The motion to file an amended petition for a writ of habeas corpus at

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 12 of 13
Case 3:24-cv-00285-SLG    Document 13    Filed 05/12/25    Page 12 of 13

**Docket 5 is DENIED.**

5. The motion for a writ of error at **Docket 9 is DENIED.**

6. The Clerk of Court is directed to enter a Final Judgment and terminate this action.

7. A Certificate of Appealability shall not be issued by this Court because Mr. Redfox has not made a substantial showing of the denial of a constitutional right.[45]

DATED this 12th day of May 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[45] 28 U.S.C. §2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding a certificate of appealability may be granted only if the applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotations and citations omitted)).

Case No. 3:24-cv-00285-SLG, *Redfox v. Hernandez*
Order of Dismissal
Page 13 of 13
Case 3:24-cv-00285-SLG    Document 13    Filed 05/12/25    Page 13 of 13